IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWIN SALTER, #1483156, | ) | |
|     Plaintiff, | ) | |
| v. | ) | No. 3:08-CV-125-O |
| | ) | ECF |
| DALLAS SHERIFF'S DEPT., ET AL., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Nature of the Case:**

Plaintiff is an inmate in the Hutchins State Jail. He brings this complaint pursuant to 42 U.S.C. § 1983. He is proceeding pro se and the Court has granted him leave proceed *in forma pauperis*. Defendants are the Dallas County Sheriff's Department, Officer L. Roach, Sargent Lopez, Lieutenant Sanders, and Disciplinary Board Members Applewhite, Ross and Greer.

**II. Statement of the Case:**

Plaintiff argues Defendants violated his civil rights when they wrongfully disciplined him for not wearing an armband. As a result of the disciplinary action, Plaintiff was removed from a computer class and barred from completing the class. He was also placed in solitary confinement for fifteen days and was removed from housing assignments for low-risk offenders. He states the disciplinary proceeding violated his due process rights. He seeks compensatory and punitive

damages.

## III. Preliminary Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court finds Plaintiff's claims should be dismissed as frivolous.

## IV. Discussion

The due process rights of prisoners are generally limited to freedom from restraints which "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Restrictions which alter the conditions of confinement, such as temporary solitary confinement or a change in housing status, do not implicate due process. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (involving commissary and cell restrictions); *Madison v. Parker*, 104 F.3d 765, 768 (same); *Dehghani v. Vogelgesang*, 229 Fed. Appx. 282, 283 (5th Cir. 2007), 2007 WL 1133339 at *1 (involving

solitary confinement). Additionally, Plaintiff has not shown that he has a protectable liberty or property interest in his computer course. *See Ketzel v. Trevino*, 2001 WL 822462 at *1 (5th Cir. 2001) (finding no protectable constitutional interest in education courses, even where prisoner paid for the course). Plaintiff has failed to show that Defendants violated his constitutional rights.

Additionally, Plaintiff has failed to show he is entitled to compensatory damages. The Prison Litigation Reform Act ("PLRA") provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.,C. § 1997e(e). The injury required by the statute "must be more than de minimus, but need not be significant." *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir. 2003).

Plaintiff states that as a result of Defendants' actions, he suffered depression, tension in his neck, migraine headaches, angry feelings, mood swings and pain in his joints and back. (Magistrate Judge's Questionnaire, Answer Nos. 2-3). These claims are insufficient to meet the requirements of the PLRA. *Luong v. Hatt*, 979 F. Supp. 481, 486 (N.D. Tex. 1997) (finding that sore muscles, scratches, abrasions and bruises do not constitute 'physical injury' under § 1997e(e)); *Morgan v. Dallas County Sheriff's Dep't*, No. 3:04-CV-2172-D, 2005 WL 57282 at *1 (N.D. Tex. Jan. 11, 2005), rec. adopted, 2005 WL 2075796 (N.D. Tex. Aug. 26, 2005) (same as to allegation of "undue pain . . . on a regular basis"); *Davis v. Bowles*, No. 3:04-CV-877-L, 2004 WL 1205182 at *2 (N.D. Tex. June 1, 2004), rec. adopted, 2004 WL 1381045 (N.D. Tex. June 18, 2004) (finding headaches and depression caused by failure to administer Prozac was *de minimus* injury); *Myers v. Valdez*, 2005 WL 3147869, *2 (N.D. Tex. 2005) (finding allegations of pain, numbness in extremities, loss of mobility, loss of sleep, extreme tension in neck and back,

extreme rash and discomfort insufficient to establish "physical injury"). Plaintiff has failed to allege a physical injury under 42 U.S.C. § 1997e(e). His claim for compensatory damages is therefore without merit.

**RECOMMENDATION**

The Court recommends that Plaintiff's claims pursuant to 42 U.S.C. § 1983 be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Signed this 3rd day of September, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).